### (November 5, 1962)

■ IRVING SERWER ADVERTISING, INC., Respondent, v. MURRAY SALIT et al., Defendants, and SALIT & GARLANDA, INC., Appellant.— Order, entered July 12, 1962, denying motion to dismiss the complaint as to the corporate defendant for legal insufficiency under rule 106 of the Rules of Civil Practice, unanimously reversed on the law, with $20 costs and disbursements to the appellant and the motion granted, with $10 costs, with leave, however, in the exercise of discretion, to replead. The complaint alleges *inter alia* that the individual defendants, while in the employ of plaintiff advertising agency, " acquired confidential information with respect to accounts of plaintiff ", that, after an unsuccessful attempt to take over control of plaintiff, " the individual defendants and after its incorporation the corporate defendant too, wrongfully, wilfully and maliciously entered into a course of conduct and conspiracy to destroy plaintiff's business "; that " the corporate defendant participated in said conspiracy "; and that, " As a result of said conspiracy, many of plaintiff's clients did transfer their advertising business to the defendant corporation subsequently formed, all to the benefit and unjust enrichment of defendants and to the damage of plaintiff." The allegations that " after its incorporation the corporate defendant participated in said conspiracy and benefited therefrom " to its " unjust enrichment ", are conclusory and are not supported by the allegation of any wrongful act on the part of the corporate defendant. (See *Duane Jones Co.* v. *Burke,* 306 N. Y. 172, 193.) In fact, it appears from the complaint that the corporate defendant was formed some time after termination of the employment of the individual defendants and, of course, the corporation could not have " participated " prior to its existence in the wrongful acts of the individual defendants during the time of their employment. Furthermore, it does not appear that the corporation became wrongfully possessed of any " confidential information with respect to accounts of plaintiff " or that it " solicited clients of plaintiff " on basis therof. Of course, it may be that the benefits realized after incorporation " were merely the results of a predetermined course of action " on the part of the individuals, and, thus, they may be liable (*Duane Jones Co.* v. *Burke, supra,* p. 189), but, as the corporate defendant is an entity separate and distinct from the individual defendants, liability cannot be fastened upon it merely on such basis. The significant point is that there are no factual allegations here showing

that the corporation is the alter ego of the individual defendants or that it is a constructive trustee with respect to particular benefits received. Concur — Breitel, J. P., Stevens, Eager, Steuer and Bergan, JJ.